UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
| | : | 3:06-CR-109 (JCH) |
| v. | : | |
| CLIFFORD CAPEHART | : | MAY 23, 2012 |

**RULING RE: DEFENDANT'S MOTION FOR RETROACTIVE APPLICATION OF SENTENCING GUIDELINES TO CRACK COCAINE OFFENSE, 18 U.S.C. § 3582 (DOC. NO. 295)**

## I. INTRODUCTION

Clifford Capehart seeks a reduction in the sentence imposed on January 25, 2008 pursuant to 18 U.S.C. § 3582(c)(2), Amendment 750 (hereafter "Amendment 750"). For the reasons set forth below, the Motion is denied.

## II. BACKGROUND

On January 22, 2007, Capehart pled guilty to a one-count information charging him with conspiracy to distribute at least five grams, but less than fifty grams, of cocaine base. At sentencing on January 25, 2008, the court determined that Capehart was a career offender. See Tr. at 6–7. Accordingly, the court found that the base offense level was 37. See id. at 7. Taking into account the government's motion pursuant to § 3E1.1, Capehart's total offense level was 34. Id. Capehart's criminal history fell within category VI, based upon his actual criminal history, as well as his status as a career offender. Id. at 8. At an offense level of 34 and a criminal history category VI, the court determined the guideline range to be 262 months to 327 months. Id. After noting that Capehart's conduct did not necessarily make him a "classic career offender," the court

1

imposed a non-guideline sentence of 156 months and an eight year term of supervised release. Id. at 40.

## III. DISCUSSION

In accordance with § 1B1.10(a)(2)(B), a reduction in the term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2), where any amendment does not have the effect of lowering the defendant's applicable guideline range. Pursuant to § 1B1.10, Application Note 1, the "applicable guideline range" is defined as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance."[1]

Here, Capehart's applicable guideline range was calculated pursuant to §4B1.1, as the court found that Capehart was a career offender. Consequently, Capehart's applicable guideline range is unaffected by Amendment 750, and he is ineligible for resentencing. See United States v. Mock, 612 F.3d 133, 138 (2d Cir. 2010).

Nonetheless, Capehart argues, in reliance on the Supreme Court's opinion in Freeman v. United States, 131 S. Ct. 2685 (2011), that, because the court's sentence was based on the applicable crack guideline range rather than the career offender range, he is eligible for resentencing.[2] See Mem. Supp. Mot. at 14–18. Capehart's reliance on Freeman, however, is misplaced. First, Freeman was decided pursuant to Amendment 706, not Amendment 750, and prior to the Sentencing Commission's

---

[1] In adopting this definition of "applicable guideline range," the Sentencing Commission resolved a split among the circuit courts with regard to whether any departures were to be considered before or after determining the "applicable guideline range." See United States v. Guyton, 636 F.3d 316, 320 (7th Cir. 2011) (discussing split among circuit courts).

[2] Capehart argues that the 156 month term of imprisonment imposed by the court was "in the middle of the range of applicable range of the crack cocaine guideline ra[n]ge without considering a career offender enhancement." See Mem. Supp. Mot. at 3.

2

clarification regarding the meaning of "applicable guideline range" becoming effective. See Freeman, 131 S. Ct. 2691. As the Second Circuit has recognized, the Sentencing Commission's amendment to § 1B1.10 "dramatically alter[ed] the landscape" with regard to the retroactive reduction of crack sentences. See United States v. Rivera, 662 F.3d 166, 183 (2d Cir. 2011). Specifically, the Second Circuit recognized that this amendment precludes sentence modifications that were previously allowed pursuant to United States v. McGee, 553 F.3d 225 (2d Cir. 2009), where "a defendant who was designated a career offender but ultimately explicitly sentenced based on a Guidelines range calculated by Section 2D1.1 of the Guidelines is eligible for a reduced sentence." See Rivera, 662 F.3d at 183; McGee, 533 at 230. As the court is bound by the Sentencing Commission's amendment defining "applicable guideline range," Capehart's argument must fail. See Dillon v. United States, 130 S. Ct. 2683, 2688 (2010) ("Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission."); United States v. Francis, 2011 WL 5289020, at *1–2 (D. Conn. Nov. 2, 2011).

## IV.    CONCLUSION

For the foregoing reasons, defendant's Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (Doc. No. 295) is **denied.**

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 23rd day of May, 2012.

                                   /s/ Janet C. Hall
                                   Janet C. Hall
                                   United States District Judge